375

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 59064.**—J. D. Smith Inter-Ocean, Inc. v. United States, protest 248274–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

MAY 9, 1955

**No. 59065.**—SUIT 4802.—United States v. J. E. Bernard & Company, Inc.— —C. D. 1548 affirmed February 8, 1955. C. A. D. 586.

MAY 12, 1955

**No. 59066.**—SUIT 4776.—D. N. & E. Walter & Co. v. United States.— A. R. D. 18 affirmed February 8, 1955. C. A. D. 582.

BEFORE THE FIRST DIVISION, MAY 16, 1955

**No. 59067.**—Kung Chen Fur Corpn. et al. v. United States, protests 787317–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of A. S. Gold & Bro., Inc. v. United States (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, supra.

**No. 59068.**—China Fur Trading Co. v. United States, protest 937001–G (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of A. S. Gold & Bro., Inc. v. United States (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59069.**—J. T. Steeb & Co., Inc., a/c Sprouse-Reitz Co., Inc. *v.* United States, protest 98742–K (Portland, Oreg.).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of celluloid reindeer similar in all material respects to those the subject of Abstract 56902, the claim of the plaintiff was sustained.

**No. 59070.**—Frederick Lunning, Inc., and American Express Company et al. *v.* United States, protests 244677–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of wooden animal figures similar in all material respects to those the subject of Abstract 55996, the claim of the plaintiffs was sustained.

**No. 59071.**—S. E. Laszlo et al. *v.* United States, protests 233756–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 59072.**—Fred F. Lane *v.* United States, protest 244269–K (New York).

Opinion by WILSON, J. Each unit of the merchandise in question, represented by exhibit 1, consists of a ring, composed of a metal spring, about 1¼ inches in diameter, covered with foam rubber. The foam rubber is sewn by hand, and